2012 Ark. 163

**Thomas SCHULTZ, Appellant**

v.

**BUTTERBALL, LLC, Appellee.**

**No. 11–1212.**

Supreme Court of Arkansas.

April 19, 2012.

Rehearing Denied May 24, 2012.

Frank W. Booth, Booth Law Firm, P.L.C., Van Buren, for appellant.

Alfred F. Angulo, Jr., Barrett & Deacon, P.A., Fayetteville, for appellee.

DONALD L. CORBIN, Justice.

The instant appeal involves a challenge to a wage-withholding order stemming from child-support arrearages. Appellant Thomas Schultz appeals the order of the Franklin County Circuit Court dismissing his complaint against Appellee Butterball, LLC, his employer, wherein Appellant sought to restrain Appellee from any further wage withholdings, as well as damages to compensate him for the wages already withheld. On appeal, Appellant argues that the circuit court erred in dismissing his complaint pursuant to Ark. R. Civ. P. 12(b)(6) where (1) he stated a viable claim against Appellee for the wrongful withholding of his wages, as the withholding order did not satisfy the statutory requirements found in the subchapter of the Uniform Interstate Family Support Act (UIFSA), codified at Ark.Code Ann. §§ 9–17–501 to –507; (2) the statutory scheme is unconstitutional as it authorizes the taking of his wages without the due process of law and also violates article 2, section 13 of the Arkansas Constitution; (3) the doctrines of res judicata and collateral estoppel bar the collection of any child support where a previous attempt to register a support order was dismissed. Additionally, Appellant takes issue with the circuit court's dismissal with prejudice, arguing that the conversion of the dismissal to one for summary judgment deprived him of an opportunity to be heard and that

a dismissal with prejudice was erroneous. We find no error and affirm.

The record reveals the following pertinent facts. On or about April 30, 2010, Appellee began withholding a portion of wages from Appellant's paycheck as the result of an income-withholding order received from the Stanislaus County Department of Child Support Services in Modesto, California. The income-withholding order directed Appellee to withhold $700 per month from Appellant's wages for payment of past-due child support for his son, Thomas Schultz, born on April 20, 1980. Appellant objected to the withholding and submitted a written objection to Butterball by letter dated August 9, 2010. He also sent a written objection to the Stanislaus County Department of Child Support Services. Stanislaus County responded by letter notifying Appellant that the income withholding "was issued by law per the California Child Support Order."

Appellant initially filed a complaint against Appellee in Franklin County District Court that was dismissed for lack of subject-matter jurisdiction. Appellant then filed the instant complaint against Appellee on May 11, 2011, asking the circuit court to enjoin Appellee from withholding further amounts and that he be awarded damages for all amounts wrongfully withheld. Attached to the complaint was an order dismissing, without prejudice, a previous attempt by Stanislaus County to register a child-support order in Arkansas.

Appellee filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6). Specifically, Appellee argued that Appellant's suit seeking damages and injunctive relief was barred by law as Arkansas law explicitly immunizes employers from civil liability for complying with an out-of-state withholding order. Appellant responded, and for the first time, argued that this subchapter of UIFSA was unconstitutional.

A hearing was held on August 19, 2011. Therein, Appellee argued that it was statutorily required to comply with the income-withholding order because had it failed to comply, it would have been subject to penalties as set forth in section 9–17–505. Further, Appellee argued that Appellant had not taken the necessary steps under the statutory scheme to contest the order and, thus, under the law Appellee was required to withhold the sum from Appellant's wages.

Appellant countered by first asserting that the motion should be decided by looking solely to the complaint to determine whether it stated a cause of action. According to Appellant, the cause of action stated was one for the wrongful withholding of wages, and such a claim was enough to satisfy the requirement of Rule 12(b)(6). Appellant further asserted that the complaint was more detailed than required under the rule because Appellant was seeking injunctive relief. Appellant alternatively argued that the statutory scheme was unconstitutional because it violated his right of due process, as well as his right to redress found in article 2, section 13 of the Arkansas Constitution.

At the conclusion of the hearing, the circuit court ruled from the bench that after looking at the complaint, the motions, and the statutory scheme, Appellant could not assert the cause of action against Appellee, as it was required to comply with the wage-withholding order. The circuit court also denied Appellant's request to declare the statutory scheme unconstitutional. Finally, the circuit court ruled that neither res judicata nor collateral estoppel precluded or affected any of the parties to the instant action, and that the motion to dismiss would be granted.

A written order reflecting this ruling was entered on August 22, 2011, dismissing Appellant's complaint for failure to state facts upon which relief could be granted, pursuant to Rule 12(b)(6). Therein, the circuit court found that Appellant's cause of action was essentially an action for monetary damages against Appellee for a wrongful withholding of his wages. The circuit court found that the income-withholding order was regular on its face and that Appellee had complied with the income-withholding order. Further, the circuit court found that Stanislaus County was not required to first register the withholding order in this state, nor was Appellee relieved or excused of its duty to comply with the withholding order because of Appellant's written and verbal objections contesting the validity or enforcement of the order. More specifically, the circuit court found that Appellant had the burden to contest the validity or enforcement of the order as set forth in section 9–17–506. Next, the court found that Appellee was not subject to civil liability for complying with the withholding order. Finally, the circuit court denied Appellant's request to hold section 9–17–504 unconstitutional. From that order, comes the instant appeal.

■ As an initial matter, we must determine the appropriate standard of review to employ in this case. While the circuit court granted the Appellee's motions to dismiss for failure to state a claim, the circuit court's order reflected that the circuit court dismissed the action upon consideration of "the pleadings filed in this cause, arguments of counsel and other matters and things considered." Moreover, at the hearing on the motion to dismiss, both parties argued matters outside the complaint, including the constitutionality of section 9–17–504. It is well settled that when a circuit court considers matters outside the pleadings, the appellate court will treat a motion to dismiss as one for summary judgment. *See Comcast of Little Rock, Inc. v. Bradshaw*, 2011 Ark. 431, 385 S.W.3d 137. Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *See Travis Lumber Co. v. Deichman*, 2009 Ark. 299, 319 S.W.3d 239. However, in a case such as this one, which does not involve the question of whether factual issues exist but rather the application of legal rules, we simply determine whether the Appellees were entitled to judgment as a matter of law. *See id.*

## I.   *Statutory Framework*

At the outset, Appellant sets forth the statutory framework and then makes assertions as to how Stanislaus County and Appellee failed to comply with certain provisions, thus leading to the conclusion that Appellee was improperly withholding part of his wages, such that it was error for the circuit court to dismiss his complaint. Specifically, Appellant argues that, under the statutory scheme, once he filed an objection all deductions should have stopped until Stanislaus County could prove the validity of its right to obtain income withholding. Appellant takes issue with the withholding order itself, arguing that it is not a valid order, and asserts that Stanislaus County was required to register the order before any withholding could occur. Appellant simply misconstrues the statutory scheme.

Under our statutes there are two methods for enforcement of out-of-state withholding orders. Pursuant to section 9–17–501,

>   [a]n income-withholding order issued in another state may be sent to the person or entity defined as the obligor's em-

ployer under the income-withholding law of this state without first filing a petition or comparable pleading or registering the order with a tribunal of this state. Ark.Code Ann. § 9–17–501 (Repl.2009). Alternatively, pursuant to section 9–17–507(a),

> (a) A party seeking to enforce a support order or an income-withholding order, or both, issued by a tribunal of another state may send the documents required for registering the order to a support enforcement agency of this state.

Ark.Code Ann. § 9–17–507(a) (Repl.2009); *see also* Ark.Code Ann. § 9–17–601 (Repl. 2009). Arkansas Code Annotated § 9–17–602 (Repl.2009) provides the mechanism for registering an out-of-state withholding order.

In the instant case, Stanislaus County availed itself of section 9–17–501 and sent the withholding order directly to Appellee. Once Appellee received the withholding order, it was required to comply with the order as set forth in section 9–17–502. Under that provision, Appellee was required to provide Appellant with a copy of the order and was required to treat "an income withholding order issued in another state which appears regular on its face as if it had been issued by a tribunal of this state." Ark.Code Ann. § 9–17–502(b) (Repl.2009). An employer who willfully fails to comply with a withholding order is subject to penalties as set forth in section 9–17–505.

Appellant asserts that the order sent to Appellee did not trigger the compliance requirement of section 9–17–502, because the order was not issued by a tribunal and because Stanislaus County never attempted to register the order pursuant to section 9–17–507(a). Appellant cites to no authority for his notion that the instant-withholding order is somehow invalid. Re-gardless, even if there is a defect with the order, the proper mechanism for challenging it is not a suit against his employer. Section 9–17–504 provides that

> [a]n employer who complies with an income-withholding order issued in another state in accordance with this article is not subject to civil liability to an individual or agency with regard to the employer's withholding of child support from the obligor's income.

■ There is no merit to Appellant's contention that Appellee was not required to comply with the order because Stanislaus County never attempted to register the order. Simply stated, Stanislaus County was not required to register the order because it chose to send the withholding order directly to Appellant's employer, as allowed under section 9–17–501. The registration requirement of section 9–17–507(a) is triggered only if a party seeks the assistance of a support-enforcement agency in this state and the obligor contests the validity of the order. *See* section 9–17–507(b).

■ Likewise, Appellant's challenge to the validity of the order itself in no way relieved Appellee from its required compliance with the order. As the circuit court ruled, the withholding order appeared regular on its face. Moreover, Appellant cites to no authority for his argument that the order is invalid because it was issued by a "child support representative." It is axiomatic that this court will not address arguments unless they are sufficiently developed and include citation to authority. *Gatzke v. Weiss,* 375 Ark. 207, 289 S.W.3d 455 (2008).

Finally, Appellant's attempt to question this statutory framework by comparing it to the Uniform Enforcement of Foreign Judgments Act, codified at Ark.Code Ann. §§ 16–66–601 to –608 (Supp.1995), is also

unavailing. He asserts that under that Act, it must be shown that a foreign judgment is regular on its face and duly authenticated to be subject to registration, and that there is no similar requirement under the income-withholding statutes. As this argument is being raised for the first time on appeal, we will not consider its merits. *Paulino v. QHG of Springdale, Inc.*, 2012 Ark. 55, 386 S.W.3d 462.

In sum, the applicable statutory scheme required Appellee to comply with the withholding order, and by doing so, it cannot be held civilly liable. Thus, the circuit court correctly held that Appellant was barred from bringing the instant suit against Appellee.

## II. *Constitutional Challenge*

Next, we must consider Appellant's challenge to the constitutionality of this subchapter. According to Appellant, it violates his right to due process where his property is subject to a taking in the absence of any procedural safeguards. In this regard, Appellant premises his due-process violation on several bases: (1) the statutes do not provide for a timely hearing if he objects to the withholding; (2) his property is taken first, then he must seek access to the courts and is not provided any remedy if he is wronged; and (3) out-of-state support-enforcement agencies are not required to obtain judicial approval of withholding but citizens of this state must. Second, Appellant asserts that it violates his rights under article 2, section 13 because it deprives him of any method of redress for a wrongful withholding. Appellee counters that the circuit court correctly ruled that the statutes were constitutional.

In support of his constitutional challenge, Appellant points to this court's decision in *McCrory v. Johnson*, 296 Ark. 231, 755 S.W.2d 566 (1988), wherein this court held that prejudgment, attachment code provisions, then codified at Ark.Code Ann. §§ 16–110–101 to –309, violated the Due Process Clause of the Fourteenth Amendment. Appellant avers that the same dangers inherent in that statutory scheme are present in this case and the result here should be the same as in *McCrory*. Moreover, Appellant argues that the statutory scheme for foreign withholding orders goes so far as to reverse the burden of proof, placing it on Appellant, not the party taking his wages, and allows the order to be issued by someone other than a judge. Appellant again repeats his assertion that the statutory scheme is defective in that it does not allow an obligor any remedy of any kind if the withholdings are improper.

Appellant's constitutional challenge to the statutory scheme, and purported reliance on *McCrory*, is premised on a faulty interpretation of the applicable statutes. Contrary to Appellant's assertion that he has no way to contest the validity of an order or to have a hearing, the statute clearly provides a mechanism for an obligor to contest such an order. Pursuant to section 9–17–506,

> (a) An obligor may contest the validity or enforcement of an income-withholding order issued in another state and received directly by an employer in this state in the same manner as if the order had been issued by a tribunal of this state. Section 9–17–604 (Choice of law) applies to the contest.

Ark.Code Ann. § 9–17–506(a) (Repl.2009). As the statute allows him a way to seek redress in the event the support order is defective, there is no merit to his argument that the statutory scheme violates article 2, section 13. Moreover, Appellant had an opportunity to be heard when the initial support was determined. Accordingly, we cannot say that this statutory

scheme infringes on Appellant's right to due process.

It is noteworthy that we addressed a similar constitutional challenge to another section of UIFSA in *Washington v. Thompson,* 339 Ark. 417, 6 S.W.3d 82 (1999), and held that due process was not violated where an out-of-state default order is registered and enforced in Arkansas without a hearing first taking place. In so ruling, this court explained that

> individuals certainly have a private property interest in funds that are being diverted for child support. However, under the second *Mathews* factor, the risk of erroneous deprivation of those funds is diminished by the fact that registration proceedings are secondary proceedings to enforce an already adjudicated right to support. Thus, there is a presumption that sufficient process has already been afforded in the preceding suit, and that the order is valid. In this particular case, we are dealing with a facially valid order. Under the second part of this factor, the probable value, if any, of additional procedural safeguards, in addition to affording a hearing upon request, is negligible. These proceedings are abbreviated specifically because there has already been a prior adjudication. To require that pleadings also be allowed for the assertion of any defenses would only draw out the process, and would not add any substantive protections.

*Id.* at 426, 6 S.W.3d at 87. Accordingly, we cannot say the circuit court erred in finding the statutory scheme at issue here to be constitutional.

### III.  *Res Judicata and Collateral Estoppel*

■ Next, Appellant argues that the circuit court erred in dismissing his complaint where principles of res judicata and

collateral estoppel provided him enforceable defenses to any order requiring him to pay child support to Stanislaus County, California. Specifically, Appellant points to the fact that Stanislaus County previously tried to register a support order in Arkansas in 2007, and it was ultimately dismissed without prejudice. Thus, according to Appellant, any support that accrued prior to the dismissal cannot now be collected because |₁₁California's failure to refile the action within one year forever barred it from any collection attempt.

This court cannot address the merits of this argument on appeal, because it is not preserved for our review. Although the circuit court ruled from the bench that neither res judicata nor collateral estoppel applied in this case, the circuit court's written order failed to incorporate that ruling or otherwise mention the issue of res judicata or collateral estoppel. In *Boellner v. Clinical Study Centers, LLC,* 2011 Ark. 83, 378 S.W.3d 745, this court refused to consider an argument where the circuit court ruled on it from the bench but the written order failed to address the issue. In so doing, this court pointed to Administrative Order No. 2(b)(2), which provides that an oral order announced from the bench does not become effective until reduced to writing and filed. *See also Oliver v. Phillips,* 375 Ark. 287, 290 S.W.3d 11 (2008). In *Boellner,* we thus concluded that the circuit court made no ruling on the issue, and we were precluded from reaching it on appeal. 2011 Ark. 83, 378 S.W.3d 745. Likewise, we decline to address the instant argument because there is no written ruling on the issue.

### IV.  *Appropriate Disposition of Motion to Dismiss*

■ Finally, Appellant argues that the circuit court erred in treating the motion to dismiss as one for summary judgment

because he was not given a reasonable opportunity to present all relevant matters. Second, he argues that any dismissal should have been without prejudice so as not to bar him from refiling his suit.

<sub>12</sub>As to the summary-judgment issue, Appellant cannot now complain of this because it is clear from the hearing that Appellant was, in fact, the party who argued matters outside the complaint, including issues of res judicata and the constitutionality of the statutes. Thus, there can be no merit to his assertion that he was not allowed to argue and present his case.

As to the propriety of the dismissal, the circuit court was correct to dismiss the action with prejudice. This court explained in *West v. Searle & Co.*, 305 Ark. 33, 806 S.W.2d 608 (1991) that

> summary judgment based upon a failure to state a claim upon which relief can be granted is different from summary judgment based upon a lack of disputed material facts, which results in a party's entitlement to the judgment as a matter of law. The first is the failure to state a claim, the second is the failure to have a claim. When summary judgment is granted upon failure to have a claim, and the ruling is affirmed on that basis, the matter is ended with prejudice. However, when summary judgment is granted in the trial court because of failure to have a claim, but is affirmed on the basis of failure to state a claim, we modify to make the dismissal without prejudice in order to afford the plaintiff-appellant a chance to plead further.

*Id.* at 36, 806 S.W.2d at 610 (citations omitted) (emphasis omitted).

Here, the action was dismissed because Appellant did not have a claim against Appellee. As set forth above, Appellant cannot bring this civil action against his employer, who was required to comply with a withholding order. As such, dismissal with prejudice was the appropriate disposition of this matter.

Affirmed.