2012 Ark. 287

**Michael R. MacKOOL, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. 11–524.**

Supreme Court of Arkansas.

June 21, 2012.

---

Michael R. MacKool, Pro Se appellant.

Dustin McDaniel, Atty. Gen., by: Colin R. Jorgensen, Asst. Atty. Gen., for appellee.

PER CURIAM.

Appellant Michael R. MacKool was convicted of first-degree murder and theft of property, for which a cumulative sentence of sixty years' imprisonment in the Arkansas Department of Correction ("ADC") was imposed. We affirmed. *MacKool v. State*, 365 Ark. 416, 231 S.W.3d 676 (2006). In September 2010, appellant's mother deposited $1000 in appellant's inmate account,[1] bringing the balance of that account to over $5000. In October 2010, the State filed a petition pursuant to the State Prison Inmate Care and Custody Reimbursement Act ("Inmate Reimbursement Act"), codified at Arkansas Code Annotated sections 12–29–501 to–507 (Repl.2009), seeking reimbursement from appellant's inmate account of a portion of the cost of housing appellant in the ADC. Appellant was provided notice and a show-cause hearing was held, as required by the statute. *See* Ark.Code Ann. § 12–29–504(b)(1).

Following this hearing, the circuit court determined that the State was entitled to the $5016.61 in appellant's inmate account, and a written order was entered that ordered deposit of that money into the state treasury. *See* Ark.Code Ann. § 12–29–507(a)(1). Appellant timely filed an appeal from that order and filed his brief-in-chief, and the State filed its response. Appellant's reply brief was due in this court on or before April 17, 2012, but it was not tendered until April 23, 2012. Now before us is appellant's motion to file his reply brief belatedly. Because it is clear that appellant's tendered reply brief does not comply with our rules, the motion to file the brief belatedly is denied. The circuit court's order that granted the State's motion for reimbursement is affirmed.

Briefs filed by incarcerated, pro se appellants in civil appeals are governed in part by Rule 4–7 of the Rules of the Supreme Court of Arkansas (2011). Rule 4–7 contains a number of requirements for reply briefs in such situations, including a limitation that the argument section of the brief not be longer than fifteen pages unless the appellant first requests permission to file an overlength brief. Ark. Sup.Ct.

---

1. All inmates in the Arkansas Department of Correction have accounts in the inmate's name, maintained by the ADC, into which money may be deposited on the inmate's behalf.

R. 4–7(b)(2). The rule also requires that a brief, whether typed or hand-written, must have left- and right-hand margins of at least one-and-one-half inches and top and bottom margins of at least two inches, must be "firmly bound on the left hand margin," and must have tape covering any staples that are used for binding. Ark. Sup.Ct. R. 4–7(b)(1). Appellant's tendered reply brief fails to meet any of these requirements: the argument section of the reply brief spans nearly nineteen pages,[2] nearly every page in the brief fails to have the proper right-hand or bottom margin, and the brief is secured with a single, uncovered staple in the upper-left corner. Because appellant failed to follow our rules as to the form of his reply brief, his motion to file the reply brief belatedly is denied.

■ We turn then to the merits of the instant appeal. On appeal from a bench trial, we review a circuit court's factual findings under the clearly-erroneous standard. *See Poff v. Peedin,* 2010 Ark. 136, 366 S.W.3d 347. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Betts v. Betts,* 326 Ark. 544, 932 S.W.2d 336 (1996). Issues of statutory interpretation are reviewed de novo. *See McLane S., Inc. v. Ark. Tobacco Control Bd.,* 2010 Ark. 498, 375 S.W.3d 628.

■ On appeal, appellant first argues that the circuit court deprived him of his due-process and equal-protection rights when it ordered appellant's funds to be deposited into the Pulaski County Circuit Court's registry on October 18, 2010, but did not provide notice to appellant until November 4, 2010, of the State's intention

to pursue reimbursement. This argument was not presented to the circuit court, however, and we will not consider arguments that are raised for the first time on appeal. *See Schultz v. Butterball,* 2012 Ark. 163, 402 S.W.3d 61 (citing *Paulino v. QHG of Springdale, Inc.,* 2012 Ark. 55, 386 S.W.3d 462).

■ Appellant next argues that the funds at issue were a gift to appellant from his mother, and that such gifts are not part of the inmate's "estate" as that word is used in the Inmate Reimbursement Act. *See* Ark.Code Ann. § 12–29–502(4). In support of this argument, he cites Arkansas Code Annotated section 28–69–301 (Repl.2004), which defines "estate" as it is used in the context of fiduciary relationships. The State correctly notes in its response, however, that the statute cited by appellant has no bearing on the Inmate Reimbursement Act; it is the definition of "estate" contained in the Inmate Reimbursement Act that controls, and that definition is "any tangible or intangible properties, real or personal, belonging to or due an inmate confined to an institution of the department, including income or payments to the inmate from social security, previously earned salary or wages, bonuses, annuities, pensions, or retirement benefits, or any source whatsoever." Ark.Code Ann. § 12–29–502(4). Based on this definition, we have held that the plain language of the statute reflects that any money received by an inmate is part of his "estate" for purposes of this statute. *See Burns v. State,* 303 Ark. 64, 793 S.W.2d 779 (1990). Thus, any money that appellant received as a gift from his mother is clearly within the statute's definition of

---

**2.** Although page 8 of appellant's reply brief contains a heading that says "Abstract," it is clear from reading the brief that less than one page of the material that follows that heading is testimony that was abstracted from the hearing. The remainder of pages 8 through 20 consists of appellant's arguments.

"estate," and appellant's argument on this point is without merit.

■ Appellant's third argument on appeal is that the Attorney General's Office was required to conduct an investigation into the source of appellant's money before initiating proceedings under the Inmate Reimbursement Act. He bases this argument on Arkansas Code Annotated section 12–29–503(b), which states, "The Attorney General shall investigate or cause to be investigated all such reports furnished by the [ADC] for the purpose of securing reimbursement for the expenses of the State of Arkansas for the cost of care of the prisoners." Even assuming *arguendo* that the State failed to meet this requirement, appellant does not explain why that failure would invalidate the result of the proceedings in the circuit court in light of the fact that appellant had notice and a chance to be heard on this issue. *See Schultz*, 2012 Ark. 163, 402 S.W.3d 61 (holding that a statute that allowed for the withholding of income was not violative of due-process concerns where it allowed a person a chance to be heard and contest a withholding). Where it is not apparent without further research that the argument is well-taken, we have made it clear that we will not address those arguments that are presented without citation to authority or convincing argument. *Pinder v. State*, 2012 Ark. 45, 2012 WL 310959 (per curiam); *see also Bethany v. Jones*, 2011 Ark. 67, 378 S.W.3d 731.

For his fourth argument on appeal, appellant contends that the State's seeking reimbursement from appellant while not also seeking it from other inmates violated appellant's right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution. Appellant contends that the State selectively applied the Inmate Reimbursement Act to appellant and "25–30" other inmates over

the last six years, based solely on the amount of money in their accounts.

■ Before a statute can be reviewed under the equal-protection guarantee, a party must demonstrate that the law classifies persons in some manner. *Am. Trucking Ass'n v. Gray*, 288 Ark. 488, 707 S.W.2d 759 (1986). There are three ways to establish a classification: the statute may do so on its face; a facially neutral statute may be applied unevenly to different groups by those administering it; or a facially neutral law, applied evenhandedly, in reality may constitute a device designed to impose different burdens on different classes of persons. *Id.* We have held that the Inmate Reimbursement Act is facially neutral. *See Burns*, 303 Ark. 64, 793 S.W.2d 779. However, even if we were to treat appellant's claim on this point as demonstrating one of the other two kinds of classifications, appellant's argument would still fail; the equal-protection clause permits classifications that have a rational basis and are reasonably related to a legitimate government purpose. *See Bakalekos v. Furlow*, 2011 Ark. 505, 385 S.W.3d 810 (citing *Seagrave v. Price*, 349 Ark. 433, 79 S.W.3d 339 (2002)). There is a rational connection between the Inmate Reimbursement Act and the nonpunitive goal of reimbursement to the State for care and custody expenses from state prison inmates. *See Burns*, 303 Ark. 64, 793 S.W.2d 779. Moreover, there is a rational basis for the State to seek reimbursement only from inmates whose respective account balances are greater than the cost of litigating the reimbursement under this act.

Appellant's fifth argument is that this court's decision in *Burns v. State* is inapposite to the instant case and that the circuit court's reliance on *Burns* was misplaced. He argues that *Burns* dealt with a situation where the money at issue was

received by an inmate from his deceased parent's estate, whereas appellant's money was received from his mother, who is still alive. In making this argument, appellant again points to the definition of "estate" that is found in Arkansas Code Annotated section 28–69–301. For the reasons already discussed, section 28–69–301 has no bearing on this case. Appellant appears to be confused as to our holding in *Burns*. We did not decide that the money was properly within the meaning of "estate" as used in the Inmate Reimbursement Act because it came from a decedent's estate; we held that the money was part of Burns's estate because the plain language of the Inmate Reimbursement Act defined "estate" as including "any source whatsoever." *See Burns*, 303 Ark. 64, 793 S.W.2d 779; Ark.Code Ann. § 12–29–502(4). Our decision in *Burns* is therefore relevant and applicable to the instant case, and the circuit court's reliance on that decision was not erroneous.

Appellant next argues that the actions of the Attorney General's Office and the ADC amounted to a criminal conspiracy to defraud appellant and a criminal conspiracy to commit extortion, and appellant contends that this case should be investigated by federal authorities. The circuit court found this argument to be unmerited, and we agree. The Attorney General's Office and the ADC sought reimbursement from appellant via a valid act passed by the Arkansas Legislature, and appellant was provided notice and given his day in court to contest the reimbursement. There is nothing criminal whatsoever about that series of events.

Appellant also contends that the ADC is guilty of fraud in that they allow friends and relatives to deposit money on behalf of an inmate without informing them that an inmate may be liable for reimbursement under the Inmate Reimbursement Act.

The circuit court found that this did not constitute fraud, and appellant has offered no citation to authority in support of his argument that the ADC's behavior amounts to fraud. We do not consider arguments without convincing argument or citations to authority. *McKenzie v. Pierce*, 2012 Ark. 190, 403 S.W.3d 565 (citing *Seth v. St. Edward Mercy Med. Ctr.*, 375 Ark. 413, 291 S.W.3d 179 (2009)).

Appellant's final argument is that the funds at issue were not subject to the Inmate Reimbursement Act because they were not appellant's funds. Rather, he contends that the money is held in trust for appellant by the ADC and that appellant only has access to a certain amount at any given time. Because he could not access all of the money, appellant contends that it was not part of his "estate" within the meaning of the statute. The circuit court did not provide a ruling on this issue, however, and it is an appellant's responsibility to obtain a ruling to preserve an issue for appeal. *See Miller v. Ark. Dep't of Fin. & Admin.*, 2012 Ark. 165, 401 S.W.3d 466. The failure to obtain a ruling on an argument precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *See id.* (citing *Pro–Comp Mgmt., Inc. v. R.K. Enters., LLC*, 372 Ark. 190, 272 S.W.3d 91 (2008)).

Appellant has not demonstrated that the circuit court's decision to order reimbursement from appellant's inmate account was clearly erroneous. That order is affirmed.

Affirmed.