2012 Ark. 441

**Kenneth SMITH, Jr., and Geraldean Smith, as Co–Special Administrators of the Estate of Mark Anthony Smith, Appellants**

v.

**REBSAMEN MEDICAL CENTER, INC. d/b/a North Metro Medical Center; Richard Young, M.D.; James Landry, M.D.; et al., Appellees.**

No. 11–1266.

Supreme Court of Arkansas.

Nov. 29, 2012.

Rehearing Denied Jan. 10, 2013.

---

James E. Keever; and Baker Schulze & Murphy, Little Rock, by: Ruthanne Murphy and J.G. "Gerry" Schulze, for appellants.

Mitchell, Williams, Selig, Gates & Woodyard, PLLC, Little Rock, by: R.T. Beard and Benjamin D. Jackson; Wright, Lindsey & Jennings LLP, Little Rock, by: David P. Glover and Gary D. Marts, Jr.; and Anderson, Murphy & Hopkins, LLP, Little Rock, by: Scott Provencher, for appellees.

DONALD L. CORBIN, Justice.

■ This is an appeal from an order of the Pulaski County Circuit Court granting summary judgment in favor of Appellees Rebsamen Medical Center, Inc. d/b/a North Metro Medical Center; Richard Young, M.D.; James Landry, M.D.; et al. On appeal, Kenneth Smith, Jr., and Geraldean Smith, as co-special administrators of the Estate of Mark Anthony Smith, argue that the circuit court erred in granting summary judgment on the basis that the wrongful-death complaint they filed was a nullity because the Smiths had not been appointed as special administrators of the estate at the time of the filing. Our court of appeals reversed and remanded the order of the circuit court. *See Smith v. Rebsamen Med. Ctr., Inc.*, 2011 Ark. App. 722, 387 S.W.3d 193. Appellees petitioned this court for review, which we granted. Upon granting a petition for review, this court considers the appeal as if it had been originally filed in this court. *See Duncan v. Duncan*, 2011 Ark. 348, 383 S.W.3d 833.

The record reflects the following facts. Mark Anthony Smith was taken to the emergency room at Rebsamen Medical Center on June 15, 2008, and died the following day. Appellants sought to be appointed as co-special administrators of Smith's estate on May 24, 2010. An order of appointment was signed by the probate court on May 26, 2010, and on that same day, counsel for Appellants was "verbally assured" by the clerk's office that the order of appointment had been filed. Appellants then filed the instant wrongful-death action. It subsequently came to light that the order of appointment had not been filed until May 28, 2010.

Appellees moved for summary judgment on August 9, 2010, arguing that the wrongful-death complaint was a nullity as Appellants lacked standing to bring such an action. Their lack-of-standing argument was premised on the fact that the order appointing Appellants as co-special administrators was not filed until after the filing of the wrongful-death complaint. Appellees further argued that Appellants were forever barred from bringing such a suit because the applicable two-year statute of limitations had run.

While the summary-judgment motions were pending, Appellants filed a motion in probate court seeking entry of a nunc pro tunc order to reflect that the order had indeed been filed at 9:00 a.m. on May 26, 2010. In their motion, Appellants asserted that

2. On May 24, 2010, Attorney Murphy delivered a file marked copy of said petition to the Chambers of the Honorable Mackie Pierce, along with a proposed order. As per her usual practice, she relied on the Court's staff to deliver the executed Order to the Clerk's office for filing. Plaintiffs' understanding is

that this procedure is consistent with the Court's usual procedure.

3. On May 26, 2010, Ms. Murphy was verbally assured by the Clerk's office that said order had been filed, and thereafter filed Plaintiffs' Original Complaint relative to the wrongful death action. . . .

4. However, the order, which was signed on May 26, 2010, was not marked as filed until May 28, 2010. Presumably the signed order had been misplaced in the Clerk's office.

The probate court then entered an order on motion nunc pro tunc on August 12, 2010. Thereafter, Appellants responded to the motions for summary judgment, arguing that the nunc pro tunc order removed the basis for Appellees' motions for summary judgment and rendered them moot.

In response, Appellees asserted that regardless of whether the probate court validly entered the nunc pro tunc order, the order could not relate back and affect the rights of Appellees, innocent third parties, in circuit court. Appellees further argued in their response that the nunc pro tunc order violated Ark. R. Civ. P. 60 because Appellants failed to articulate what "miscarriage of justice" the order was intended to correct. According to Appellees, the filing of the order of appointment on May 28, 2010, was not an error or mistake because an order is entered when stamped as filed.

After taking the matter under advisement, the circuit court entered an order on November 10, 2010, granting Appellees' motions for summary judgment. Therein, the circuit court stated the following:

4. On August 12, 2010 the plaintiffs obtained an *Order* appointing plaintiffs as Special Administrators nunc pro tunc to May 26, 2010.

5. The August 12, 2010 *Order* was entered more than two years after June 15, 2008, the date of the alleged actions and inactions upon which the causes of action are premised.

6. On the date the *Complaint* was filed in this matter the plaintiffs had no legal standing to bring this action. The *Complaint* was a nullity. *See, Hackleton [Hackelton ] v. Malloy*, 364 Ark. 469 [221 S.W.3d 353] (2006). Lack of standing cannot be cured utilizing any "relation back" provisions of the Arkansas Rules of Civil Procedure for any cause of action for which the limitations period had expired at the time of entry of the August 12, 2010 nunc pro tunc *Order*.

7. On the date the *First Amended Complaint* was filed in this matter the plaintiffs had no legal standing to bring this action. The *First Amended Complaint* is also a nullity.

On appeal, Appellants argue that it was error for the circuit court to grant Appellees' motions for summary judgment on the basis that the wrongful-death complaint was a nullity because Appellees lacked standing to bring the action at the time of its filing. In support, Appellants assert that they obtained a nunc pro tunc order, which reflected that the order appointing them as co-special administrators was filed on May 26, 2010, and that the circuit court lacked authority to disregard this order of the probate court. Appellees counter that summary judgment was proper because Appellants lacked standing to bring the action, thus rendering the complaint a nullity and because the statute of limitations had run on the cause of action.

In *Schultz v. Butterball, LLC*, 2012 Ark. 163, 402 S.W.3d 61, we explained that ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. However, in a case such as this one, which

does not involve the question of whether factual issues exist but rather an issue of law, we simply determine whether the Appellees were entitled to judgment as a matter of law. *Id.*

At the outset, we note that this appeal presents us with a jurisdictional question that must be addressed first. Appellants argue to this court that our decision in *Edwards v. Nelson,* 372 Ark. 300, 275 S.W.3d 158 (2008), is controlling here. In that case, a physician who was the subject of a wrongful-death action moved for summary judgment on the basis that the administrator of the decedent's estate was a convicted felon and therefore ineligible to serve. The circuit court agreed and found that Edwards was a convicted felon at the time of his appointment as the personal representative of his father's estate and was not qualified to serve in that capacity. The circuit court dismissed the wrongful-death action, declared the order appointing Edwards as administrator to be void, and ruled that the wrongful-death claims were barred by the applicable statute of limitations.

Edwards appealed the dismissal to the court of appeals which, in turn, certified the case to this court on the basis that there was a question of whether the circuit court's order invalidating Edwards's appointment as a personal representative was an impermissible collateral attack on the probate order appointing him. We ultimately determined that it was necessary to sua sponte raise a threshold jurisdictional matter: the issue of conflicts among circuit courts exercising concurrent jurisdiction. *Id.* We reversed and remanded the order of dismissal.

Here, the appellees challenged the validity of Edwards's appointment as personal representative in the wrongful-death action pending in one division of circuit court. That division of circuit court, however, was not the first court to acquire jurisdiction over the probate matter. Thus, it had no original jurisdiction to decide the validity of an appointment order, which was entered by the circuit court that acquired jurisdiction over the administration of the decedent's estate, "to the exclusion of any other court." *Patterson [v. Isom],* 338 Ark. [234,] at 241, 992 S.W.2d [792,] at 796 [1999]. In sum, we conclude that the civil division of circuit court usurped the authority of the probate division of circuit court by its ruling that Edwards's appointment as personal representative of his father's estate was void. Accordingly, we reverse the circuit court's summary-judgment order of dismissal.

*Id.* at 304, 275 S.W.3d at 162.

Although the instant case differs in that the civil division of circuit court did not invalidate the order of the probate division, its ruling wholly ignoring the probate division's nunc pro tunc order had the same effect. We are not persuaded by Appellees' attempt to distinguish the instant case from *Edwards.* Specifically, Appellees argue that this case is not a challenge to the probate court's jurisdiction to enter a nunc pro tunc order; rather, they assert that the issue in this case is whether the nunc pro tunc order may retroactively grant a party standing, particularly when it disturbs the rights of an innocent third party. This argument is unavailing, however, because in both cases this court is faced with the threshold question of whether a circuit court may ignore an order of a court of concurrent jurisdiction. Thus, as in *Edwards,* we are again faced with conflicting orders of two courts of concurrent jurisdiction, and we must decide whether the civil division of circuit court erred in disregarding that nunc pro tunc order entered by the probate division.

There can be little doubt about the power of a trial court to entertain and grant an order nunc pro tunc. *Fitzjarrald v. Fitzjarrald*, 233 Ark. 328, 344 S.W.2d 584 (1961). This court recently explained:

Arkansas Rule of Civil Procedure 60 and case law extending back over 150 years give circuit courts the authority to correct a clerical mistake in an order at any time with a nunc pro tunc order, used to make the record speak now what was actually done then. A circuit court is permitted to enter a nunc pro tunc order when the record is being made to reflect that which occurred but was not recorded due to a misprision of the clerk. This court has defined a true clerical error, one that may be corrected by a nunc pro tunc order, as "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)."

*Brown v. Lee*, 2012 Ark. 417, at 8–9, 424 S.W.3d 817, (citations omitted). Nunc pro tunc means literally, "now for then." *Bridwell v. Davis*, 206 Ark. 445, 447, 175 S.W.2d 992, 994. In *Dean v. Brown*, 216 Ark. 761, 227 S.W.2d 623 (1950), this court explained that the function of an order nunc pro tunc is to have the record recite now what actually occurred then. In a similar vein, this court stated in *Canal Insurance Co. v. Arney*, 258 Ark. 893, 897, 530 S.W.2d 178, 180 (1975), that nunc pro tunc orders are properly issued only where such an order actually was made, but through clerical misprision, was not entered.

The evidence before us demonstrates that Appellants filed their wrongful-death complaint in the civil division of circuit court on the belief that the order appointing them co-special administrators had been properly filed in the probate court. Once it was brought to their attention that the order was in fact filed after they had filed the wrongful-death complaint, they filed a motion for nunc pro tunc order in the probate court, stating the following pertinent facts: (1) they had been verbally assured by the clerk's office that the probate order had been filed; (2) presumably the order was misplaced in the clerk's office; and (3) pursuant to Rule 60(b), a court is empowered to enter a nunc pro tunc order "to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken." The probate division of the circuit court granted this motion and entered the nunc pro tunc order. That nunc pro tunc order is not subject to this appeal from the civil division of the circuit court.

Likewise, Appellees may not collaterally attack the validity of the nunc pro tunc order. Appellees argue here that the Appellants' reliance on a nunc pro tunc order "deprive[s] appellees of their vested right to rely on their statute of limitations defense. Such a rule would eviscerate the rules governing standing in wrongful death actions." They cite us to *Ozment v. Mann*, 235 Ark. 901, 363 S.W.2d 129 (1962), in support of their position. In that case, this court cautioned that in nunc pro tunc proceedings a court should be careful to see that the rights of innocent third parties are not prejudiced by orders made long after the original record of proceedings has been published. *Id. Ozment* is inapplicable here as Appellees were not third parties to the probate proceeding, nor did they ever seek to intervene in the probate proceeding.[1]

1. This court has never addressed the propriety of third parties, such as Appellees, intervening in a probate case. In *Helena Regional Medical Center v. Wilson*, 362 Ark. 117, 207 S.W.3d 541 (2005), Trina Wilson was appointed by the probate court as the administratrix

⬛ |₉In sum, we hold that the grant of summary judgment was in error. The civil division of circuit court lacked any authority to invalidate or disregard the order from the probate division, which established that Appellants had been appointed as co-special administrators prior to the filing of the wrongful-death complaint. We reverse and remand for proceedings consistent with this opinion.

of her daughter's estate. Later, in her capacity as administratrix, she filed a malpractice action against the hospital and doctors, who then proceeded to file motions to intervene in the probate case. In support thereof, the medical providers argued that Wilson was not legally competent to serve as administratrix under the Arkansas Probate Code because she had previously admitted to a felony conviction. The circuit court ruled that the medical providers were not interested parties as defined by the Arkansas Probate Code, and therefore lacked standing to question the issuance of the court's order. We reversed, holding that, under Ark. R. Civ. P. 24, the medical providers properly filed motions to intervene, but the circuit court failed to undertake any analysis under Rule 24. We thus remanded for the circuit court to address the merits of the requested intervention. *Id.*