
SLIP OPINION

Cite as 2014 Ark. App. 338

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-68

| | |
|---|---|
| SHEENA CLARY<br>APPELLANT | **Opinion Delivered** May 28, 2014 |
| V. | APPEAL FROM THE DALLAS COUNTY CIRCUIT COURT [NO. JV-2013-13-5] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | HONORABLE LARRY W. CHANDLER, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Sheena Clary appeals from an order of the Dallas County Circuit Court adjudicating her children, J.R. and B.C., dependent-neglected. Clary argues that the circuit court erred (1) by allowing the introduction of hearsay testimony and (2) by relying on information disclosed in the attorney ad litem's closing remarks that were outside the record. She further argues that there was insufficient evidence to support a finding of dependency-neglect. We affirm.

The Department of Human Services (DHS) removed J.R. and B.C. from Clary's care in September 2013 after receiving a report that Clary had been involved in an altercation with employees of the Fordyce Head Start and that she had threatened to harm herself and her children. An ex parte order for emergency custody found a threat of harm to J.R. and B.C. based on the mental instability of the mother.

SLIP OPINION

At adjudication, the trial court found that Clary had threatened to harm an employee of her child's school after an altercation and had threatened to kill herself and her children in a phone call to the school the next day. At the conclusion of the hearing, the trial court adjudicated the children dependent-neglected, and Clary appeals.

We first address Clary's claim that there was insufficient evidence to support a dependency-neglect finding. We review dependency-neglect findings de novo, but we will not reverse the circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Churchill v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 530, 423 S.W.3d 637. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake was made. *Id.*

In adjudication hearings, DHS must prove by a preponderance of the evidence that the children were dependent-neglected. Ark. Code Ann. § 9-27-325(h)(1) & (2)(B) (Supp. 2013). A dependent-neglected juvenile is one at substantial risk of serious harm because of parental unfitness to the juvenile or to a sibling. Ark. Code Ann. § 9-27-303(18)(A) (Supp. 2013).

The evidence revealed that Clary had become upset with the staff of her son's school over the taking of his school photographs and that she verbalized her displeasure to the staff. During the incident, Clary had indicated that she wanted to "end it all." Clary returned to the school the next day to retrieve her son's medical records but was informed she was no longer allowed on the premises. Later that afternoon, the school received an anonymous

phone call in which the caller stated, "Thank you for banning my son. I will kill myself and my children." An employee was able to identify Clary as the caller. The employee stated that she took the threats very seriously. She did not believe that Clary was just venting or frustrated and thought that Clary might actually harm herself or her children.

Evidence was also introduced that Clary had been emotionally erratic and depressed since the death of her mother the year before and that she had a short temper and was possibly sleep-deprived due to her nighttime employment. Clary admitted that she had suffered from depression and anxiety since her mother's death and that she had received some professional help for her issues. She denied threatening suicide and stated that her comments were misperceived.

Clary argues that evidence regarding her instability was not sufficient for a finding of dependency-neglect. In doing so, she downplays the evidence of her depression and alleged "outbursts" and explains the incidents in a manner favorable to her. However, the trial court found the testimony of Head Start workers to be more credible. It is undisputed that Clary was depressed and had sought medical treatment for her depression. At least one witness testified that Clary's behavior on picture day was irrational and that the witness was alarmed enough to ban Clary from the facility. While there may have been some evidence to the contrary, the resolution of any such conflict is within the province of the trial court as the finder of fact.

Clary claims that, because the employee she was alleged to have threatened was an adult, the trial court could not base its finding of dependency-neglect on those alleged threats.

3

She also argues that these alleged threats could not constitute conduct creating a realistic and serious threat of death, and therefore cannot constitute abuse for purposes of the dependency-neglect statutes. However, the trial court did not base its dependency-neglect finding solely on that finding; the court also found that the children were dependent-neglected based on Clary's declarations that she was going to kill herself and her children. These threats go directly to her fitness as a parent.

Whether a parent is legally unfit to care for a child for a period of time is not solely based on a parent directly injuring a child. *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 368, 43 S.W.3d 196, 199 (2001). We hold that threats of self harm and harm to the children, coupled with evidence of a lack of emotional stability, can support a finding of parental unfitness sufficient for a dependency-neglect finding. Ultimately, the trial court found that, in this instance, Clary's threats of self-harm and harm to her children, along with her emotional instability and her admitted depression, were sufficient to enter a finding of dependency-neglect. On the facts before us, we are not left with a definite or firm conviction that a mistake has been made.

Clary also makes an evidentiary argument, claiming that the trial court erred in allowing a police officer to testify to the threats made by Clary to a third person. She claims this evidence was improperly admitted hearsay testimony. However, even if the testimony was inadmissible hearsay, it did not amount to reversible error. It is well settled that this court will not reverse a circuit court's ruling on the admissibility of evidence absent a manifest abuse of discretion. *Hopkins v. Ark. Dep't of Human Servs.*, 79 Ark. App. 1, 83 S.W.3d 418 (2002).

Moreover, even if the circuit court erred in admitting the evidence, the appellate court will not reverse absent a showing of prejudice. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001). As stated above, given the evidence of emotional instability and the testimony regarding Clary's threats to harm herself and the children, which the court deemed credible, there was sufficient evidence of parental unfitness to support a finding of dependency-neglect without any consideration of this testimony. As such, the admission of the evidence, even if deemed improper, was harmless.

Finally, Clary objects to statements made by the attorney ad litem in her closing remarks. More specifically, she alleges that the ad litem made multiple remarks in her closing argument that went outside the record:

(1) "Seroquel is not a sleep medication."
(2) "Seroquel is a medication you take every day."
(3) "It [Seroquel] can certainly cause issues if you take it for a time and just cold turkey stop it."
(4) "Mary Grice, who is admittedly a friend of Ms. Clary's . . ."
(5) "I mean, her doctor has been concerned about her in the past."

However, we are unable to resolve this issue, because it is being raised for the first time on appeal. In *Lamontagne v. Arkansas Department of Human Services*, 2010 Ark. 190, 366 S.W.3d 351, our supreme court reaffirmed the necessity of interposing a contemporaneous objection in order to preserve an issue for appeal. In so holding, the court reiterated the principle that "[d]e novo review does not mean that this court can entertain new issues on appeal when the opportunity presented itself for them to be raised below, and that opportunity was not seized." *Lamontagne*, 2010 Ark. 190, at 4, 366 S.W.3d at 353 (quoting *Roberts v. Yang*, 2010 Ark. 55, at 7, 370 S.W.3d 170, 174).



Affirmed.

GRUBER and GLOVER, JJ., agree.

*Tara A. Mullen*, for appellant.

*Tabitha B. McNulty*, County Legal Operations; and *Chrestman Group, PLLC*, by:
*Keith L. Chrestman*, for appellees.