SLIP OPINION



Cite as 2014 Ark. App. 491

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-319

| | |
|---|---|
| AMBER WARD and CHRISTIAN WARD | **Opinion Delivered** September 24, 2014 |
| APPELLANTS | |
| | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | [NO. JV-2013-142] |
| | HONORABLE RALPH WILSON, JR., JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | |
| APPELLEES | AFFIRMED |

**ROBIN F. WYNNE, Judge**

Amber Ward and Christian Ward appeal from an adjudication order in which the Crittenden County Circuit Court found their children, T.W. and H.W., dependent-neglected. They argue on appeal that the findings in the adjudication order and the evidence presented at the adjudication hearing do not satisfy the statutory requirements for a determination of dependency-neglect. We disagree and affirm.

The Arkansas Department of Human Services (DHS or the Department) exercised a seventy-two-hour hold on T.W. and H.W. after a hotline report was received on August 12, 2013, indicating that on August 10, 2013, three-month-old T.W. received a skull fracture. According to an affidavit submitted in support of DHS's petition for emergency custody of the children, both appellants reported that T.W. had been dropped onto carpet by his paternal grandmother and hit in the head by a softball, thrown by another child, that had bounced off

of a vehicle, hit T.W.'s carseat, then struck T.W. Amber reported that she did not believe that either incident caused the fracture, but indicated that she had no other explanation for the injury.

The circuit court granted DHS's petition for emergency custody on August 19, 2013. The circuit court also found probable cause that the children were dependent-neglected in an order entered on September 3, 2013.

The adjudication hearing was held on November 5, 2013. At the hearing, Dr. Karen Lakin, Medical Director of the Le Bonheur Cares team at Le Bonheur Children's Hospital in Memphis, Tennessee, testified that T.W. was found to have a left parietal skull fracture after appellants noticed that he had unusual eye movements. Appellants reported at the hospital that T.W. had been hit by a ball that had bounced off a car. Dr. Lakin testified that T.W.'s injury was more significant than what would be expected following that event. She also testified that T.W. did not have any obvious external injuries, such as soft tissue swelling or significant bruising. Appellants also reported a fall onto a carpeted surface, which Dr. Lakin stated would not be likely to have caused the injury sustained by T.W. Dr. Lakin testified that if a three-month-old child were involved in an incident significant enough to cause a skull fracture, the caregivers would be able to tell medical personnel what caused the injury. According to Dr. Lakin, the history given by appellants did not explain the degree of injury sustained by T.W.

Amber Ward testified that the only incidents she was aware of involving T.W. were him being dropped by his grandmother and struck by the ball. She stated that she felt as

though those were the only two incidents in which the fracture could have occurred. She denied that T.W. had any injuries prior to those incidents. Christian Ward testified that he did not have any additional information to give regarding T.W.'s injury. Lesley Faulkner with the Crimes Against Children Division (CACD) of the Arkansas State Police testified that Amber reported the two incidents during her interview but also stated that she did not think that those incidents caused the injury. Amber was unable to give another explanation as to how the injury occurred. CACD's investigation resulted in a true finding of abuse for the fracture due to the medical records indicating that the child's injuries could not have occurred in the manner reported by appellants.

At the conclusion of the hearing, the circuit court stated from the bench that it was finding the children dependent-neglected on two grounds: (1) physical abuse by an unknown offender due to T.W. sustaining an injury at variance with the history given by appellants and (2) inadequate supervision for allowing serious physical injury to T.W. A written order finding the children dependent-neglected due to physical abuse to T.W. and inadequate supervision was entered on January 21, 2014. This appeal followed.

A dependent-neglected juvenile includes any juvenile who is at substantial risk of serious harm as a result of abuse or neglect. Ark. Code Ann. § 9-27-303(18)(A)(ii) and (v) (Supp. 2013). In adjudication hearings, DHS must prove by a preponderance of the evidence that the children were dependent-neglected. Ark. Code Ann. § 9-27-325(h)(1) & (2)(B) (Supp. 2013). We review dependency-neglect findings de novo, but we will not reverse the circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the evidence. *Clary v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 338. A finding is clearly

erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake was made. *Id.*

Appellants first argue that the findings in the adjudication order do not meet the statutory requirements for a finding of dependency-neglect. The circuit court found that the children were dependent-neglected due to abuse. Abuse includes any injury to a child that is at variance with the history given. Ark. Code Ann. § 9-27-303(3)(A)(iv) (Supp. 2013). Appellants contend, for reasons that are not entirely clear, that because the written order does not state that the abuse was due to an injury at variance with the history given, the issue is not preserved for appeal. In support, appellants cite *Schultz v. Butterball*, 2012 Ark. 163, 402 S.W.3d 61, in which our supreme court held that the lack of a written ruling on an issue precluded consideration of the issue on appeal. In this case, the circuit court issued a written order finding the children dependent-neglected due to abuse. Thus, the finding of abuse is included in the written order and is preserved for appeal. The lack of a reference in the order to an injury at variance with the history given is of no consequence, as this court may utilize a circuit court's oral pronouncements to determine the intent behind its written orders. *Porter v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 680, 378 S.W.3d 246. The circuit court clearly indicated at the hearing that its finding of abuse was based on an injury at variance with the history given. Furthermore, that finding is supported by the testimony at the adjudication hearing. Appellants' argument lacks merit.

Appellants also appear to argue that, because the offender who caused the injury to T.W. is unknown, there was no evidence that any act by the unknown individual constituted

abuse, as that term is defined in the applicable statute. The statutory definition of abuse includes any listed act or omission by "a parent, guardian, custodian, foster parent, person eighteen (18) years of age or older living in the home with a child, whether related or unrelated to the child, or any person who is entrusted with the juvenile's care by a parent, guardian, custodian, or foster parent, including, but not limited to, an agent or employee of a public or private residential home, child care facility, public or private school, or any person legally responsible for the juvenile's welfare." Ark. Code Ann. § 9-27-303(3)(A). Appellants seem to be arguing that because the offender is unknown, it cannot be known whether the person who caused the injury is included in this group. As there was no indication that T.W. was not in appellants' legal custody at the time of his injury, it necessarily follows that the injury was caused either by appellants or by someone they entrusted with the child's care. This argument also lacks merit.

Finally, appellants argue in their brief that abuse or neglect requires fault, culpability, knowledge, or intent.[1] Appellants cite to no authority to support their claim. We do not consider arguments without convincing argument or citation to authority where it is not apparent without further research that the arguments are well-taken. *Perryman v. Hackler*, 323 Ark. 500, 916 S.W.2d 105 (1996).

Affirmed.
HARRISON and GLOVER, JJ., agree.
*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellants.
*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.

---

[1]Because we hold that the finding of abuse by the circuit court was not in error, we decline to address the arguments on appeal regarding the circuit court's finding of neglect due to inadequate supervision.