SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–81

| | |
|---|---|
| HOWARD GRAHAM, D.G. GRAHAM, JR., NETTIE WHITLOW, BETTY WILLIAMS, TRAVASTINE AUSTINE, BLANCHE LUMPKIN, D.K. GRAHAM, SR., WILLIE PITTARD, LISA McGOWAN, and DANIEL GRAHAM, JR.<br><br>APPELLANTS<br><br>V.<br><br>STEVEN ARZO FRENCH, WILLIE LEE GRAHAM, RUTH ANN GRAHAM, VESSIE HUDSON, AHIGA HUDSON, VELMA WOODS, and MAMIE BEAL<br>APPELLEES | **OPINION DELIVERED** JANUARY 28, 2015<br><br>APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. CV–2012–80–3]<br><br>HONORABLE DOUG SCHRANTZ, JUDGE<br><br>AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

On September 30, 2013, the Desha County Circuit Court dismissed appellants' complaint to set aside a sale and cancel a deed. On appeal appellants argue that they have standing to bring the suit and that they have alleged facts sufficient to state a cause of action.[1] We affirm the circuit court's order dismissing the complaint.

Willie Morse Graham bequeathed 180 acres in Desha County, Arkansas, to her nine children. Her will stated that the bequeathed property was "to be considered family property

---

[1]This is the second time this appeal has been presented, as rebriefing was ordered on October 29, 2014, due to omissions in the appellate brief. *Graham v. French*, 2014 Ark. App. 578.

SLIP OPINION

and [could] only be sold by an agreement of all of [her] surviving children." Six of the nine children requested a partition of the 180 acres in a 2005 lawsuit filed in Desha County Circuit Court (*Graham I*),[2] and three children objected to the partition action. Steven Arzo French was allowed to intervene in *Graham I* because he was the holder of a lease on the subject property. *Graham I* ended with the trial court finding that Willie Graham's will provision violated the rule against unreasonable restraints at common law. However, the trial court found that the will's terms were consistent with Arkansas Code Annotated section 18-60-413 (Repl. 2003) regarding partition, which should be strictly construed. Section 18-60-413 requires that no partition or sale of land devised by any last will and testament shall be made contrary to the intention of any testator. Thus, the trial court denied the partition complaint in *Graham I* as contrary to Willie Graham's will.

On August 17, 2012, appellant Howard Graham, the child of D.G. Graham, who was one of the nine children of Willie Graham, filed the complaint herein against appellees, the six heirs of Willie Graham who had sought partition in *Graham I* and Steven Arzo French. Appellants sought to set aside a sale and cancel a deed claiming that appellees had acted contrary to the order entered January 8, 2007, in *Graham I* by conveying through warranty deed to Steven Arzo French their undivided 8/9 interest in the 180 acres. Appellants sought cancellation of the deed as violative of *Graham I.*

On October 18, 2012, appellees, grantors to the warranty deed, filed a motion to dismiss alleging that the complaint failed to state facts upon which relief could be granted

---

[2]*Graham v. Graham*, CIV 2005-212-1, Desha County Circuit Court.

SLIP OPINION

pursuant to Arkansas Rule of Civil Procedure 12(b)(6) (2012). Appellees argued that the provision of Willie Morse Graham's will at issue only prevents a sale unless consented to by "an agreement of all of my surviving children." They claimed that the surviving children were named in the will. They argued that Howard Graham, plaintiff, was not a surviving child, but an heir to D.G. Graham, deceased child of Willie Graham. Therefore, they claim, Rule 12(b)(6) applied because Howard Graham had no standing to contest the deed he wanted to set aside. Further, appellees argued that even if Howard Graham could establish an ownership interest in the property, he would continue to enjoy his undivided share and any rights of co-tenancy that he ever had. Appellees argued that the deed he wanted set aside did nothing to change the nature of his ownership interest.

A judgment was filed on September 30, 2013, wherein the trial court considered appellants' contention that the grandchildren, or heirs of D.G. Graham, had to consent to the sale under the provisions of Willie Graham's will. The trial court determined that the restriction on the right of alienability was given to her surviving children and that this power was personal to only those surviving children and not to other heirs. Next, the trial court considered Arkansas Code Annotated section 18-60-413 and determined that the statute limits petitions "under this act" to "any persons having any interest in, and desiring a division of, land held in joint tenancy, in common . . ." The court found that there was no desire to divide land in the 2007 conveyance to French; instead, there was a conveyance of undivided shares. Thus, the trial court found no partition, as the conveyance was of the undivided interest of the heirs, except for D.G. Graham. D.G. Graham's heirs retained their

SLIP OPINION

respective undivided interests. Therefore, the trial court dismissed the complaint and amended complaint with prejudice. Appellants filed a timely notice of appeal, and this appeal followed.

The proper standard of review of the circuit court's order is that of a motion for summary judgment. Rule 12(b) of the Arkansas Rules of Civil Procedure states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Ark. R. Civ. P. 12(b). Appellants included with their complaint several exhibits, which the trial court did not exclude from its consideration when it dismissed their complaint with prejudice. Therefore, the trial court considered matters outside of the pleadings, and the motion to dismiss was converted to a motion for summary judgment. *Morgan v. Turner*, 2010 Ark. 245, 368 S.W.3d 888.

Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. However, in a case such as this one, which does not involve the question of whether factual issues exist but rather an issue of law, we simply determine whether appellees were entitled to judgment as a matter of law. *Smith v. Rebsamen Med. Ctr., Inc.*, 2012 Ark. 441, 424 S.W.3d 876.

### I. *Standing*

Appellants contend that they have standing to bring this action as heirs of D.G. Graham. Appellants argue that a claimant who has a personal stake in the outcome of a

SLIP OPINION

controversy has standing. *Pulaski Cnty. v. Ark. Democrat-Gazette, Inc.*, 371 Ark. 217, 264 S.W.3d 465 (2007). Appellants assert that D.G. Graham was a listed surviving child in Willie Graham's last will and testament. Appellants are D.G. Graham's heirs, and his devise from Willie Graham passed to them. Appellants contend that they therefore have a personal stake in the outcome of this controversy and standing to bring this action.

We agree with appellants' contention that they have standing in this action. However, the trial court did not make a finding that appellants had no standing. Instead, the trial court ruled as follows:

> In Willie Morse Graham's Last Will, she specifically named her nine children. She limited the restriction upon the right of alienability of the sale of the 180 acres to her surviving children. The Court concludes that this power was personal to only the surviving children and not to other heirs.

Inasmuch as appellants are seeking to appeal the trial court's finding that they do not have the power to restrict the sale of the 180 acres, we do not find appellants' arguments convincing. Appellees contend, and we agree, that setting aside the deed conveying the 8/9 interest to French will in no way benefit appellants. Appellants will have the same collective 1/9 interest they had before their complaint was filed and after this suit is over, regardless of the outcome of the litigation.

Also, appellees contend that the trial court found that the provision in Willie Graham's will that appellants are trying to enforce does not include appellants because they are not children of Willie Graham, but grandchildren. Therefore, because appellants are not "surviving children," they have no right to restrict an alienation pursuant to the will. Appellants have not shown where the trial court misinterpreted the will; thus, appellants have

not met their burden of demonstrating error. Finally, because this is not a partition action, Arkansas Code Annotated section 18-60-413 does not apply. Thus, a tenant in common is not prohibited from conveying his undivided interest in real property pursuant to this section.

## II. *Sufficiency of Complaint*

Appellants argue that the trial court's dismissal of their complaint was in error because they pled sufficient facts to entitle them to the requested relief. The complaint alleged that the conveyance to French was unlawful in light of the January 8, 2007 trial court order in the 2005 partition lawsuit. Also, appellants assert that their complaint alleged that Willie Graham wanted the property to remain in the family unless the surviving children agreed otherwise. Finally, the complaint alleged that the option contract to purchase the land was void because the terms of the will prohibited any conveyance absent unanimous consent of the nine devisees. In reference to the partition statute, appellants cited *American Fidelity Fire Insurance Co. v. Builders United Construction, Inc.*, 272 Ark. 179, 613 S.W.2d 379 (1981), where the Arkansas Supreme Court affirmed the lower court's grant of summary judgment on the grounds that contracts in violation of a statute are void even though not expressly declared so. Because appellants neither offer convincing argument nor cite applicable law to support their arguments, our review is precluded. *Adams v. Adams*, 2014 Ark. App. 67, 432 S.W.3d 49.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*McKissic & Associates, PLLC*, by: *Jackie B. Harris*, for appellants.

*Stephen L. Tisdale, P.A.*, by: *Stephen L. Tisdale*; *Melinda French*; and *William L. Owen, P.A.*, by: *William L. Owen*, for appellees.

SLIP OPINION