

# SUPREME COURT OF ARKANSAS

No. CV-14-643

| | |
|---|---|
| LARRY EUGENE BARKER<br>APPELLANT | Opinion Delivered November 6, 2014 |
| V. | PRO SE MOTION TO FILE A<br>BELATED REPLY BRIEF [PULASKI<br>COUNTY CIRCUIT COURT, NO. 60CV-<br>13-3405] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE TIMOTHY DAVIS FOX,<br>JUDGE |
| | ORDER AFFIRMED; MOTION MOOT. |

## PER CURIAM

Appellant Larry Eugene Barker has been an inmate in the Arkansas Department of Correction ("ADC") since October 7, 2003. On August 26, 2013, the State filed a petition pursuant to the State Prison Inmate Care and Custody Reimbursement Act ("Inmate Reimbursement Act"), codified at Arkansas Code Annotated sections 12-29-501 to -507 (Repl. 2009), seeking the sum of $6140.24 held in appellant's inmate account[1] as reimbursement for a portion of the cost of housing appellant in the ADC. Granting the State's motion for leave to deposit funds, the circuit court ordered the sum of $6140.42 held in appellant's inmate account to be deposited into the registry of the court in order to preserve the funds. At the hearing, the State introduced evidence that appellant had been in the custody of the ADC for 3817 days and that the total cost of providing for his care and custody during this time period

---

[1] All inmates in the ADC have accounts in the inmate's name, maintained by the ADC, into which money may be deposited on the inmate's behalf.

SLIP OPINION

was $214,863.94. The circuit court found that the State had proven its claim to reimbursement in an amount that exceeded the $6140.24 on deposit in the registry of the court and that appellant had not proven a valid defense to the State's claim. The circuit court then ordered the clerk of the court to issue payment of $6140.24 to the State for deposit into the Arkansas State Treasury. Appellant has lodged an appeal from that order, and the parties have timely filed their briefs.

Now before us is appellant's motion to file a belated reply brief. As it is clear from the record and the filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motion is moot.

The appropriate standard of review on appeal from a bench trial is not whether there is substantial evidence to support the findings of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *King v. City of Harrisburg*, 2014 Ark. 183. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.* Issues of statutory interpretation are reviewed de novo. *MacKool v. State*, 2012 Ark. 287, 423 S.W.3d 28 (per curiam).

Appellant first argues on appeal that the trial judge allowed his case to be "railroaded" through the trial court and that the hearing was staged as a formality. In support of his claim, appellant refers to the Assistant Attorney General having a prepared order at the hearing, "everyone" already present in the courtroom when he arrived at the hearing, the location of his chair in the courtroom, the trial judge's alleged expression of surprise at the cost of his housing,

SLIP OPINION

and the trial judge's alleged inference during the hearing that the State's request for relief would be granted. Appellant also describes the challenges that he faced in lodging his appeal. Because appellant failed to raise his claim before the circuit court, the argument was waived. It is well settled that this court will not address an issue raised for the first time on appeal, even a constitutional argument. *Scudder v. Ramsey*, 2013 Ark. 115, 426 S.W.3d 427.

Appellant next contends that the enforcement of the Inmate Reimbursement Act constituted unlawful discrimination in violation of the Fourteenth Amendment. In a related point, he argues that the Equal Protection Clause of the Fourteenth Amendment was violated by the application of the Act. While appellant argues on appeal that an unreasonable distinction existed in the application of the Act with the Act being enforced only against inmates with a "substantial amount" in their accounts, he alleged below only that he was being targeted for application of the Act but did not know the reason for its selective enforcement, except as a punitive measure. Similarly, appellant contends for the first time on appeal that the Act has a "double standard" and lacks fairness apparently because it does not set out who is subject to its provisions.

On appeal, an appellant is limited to the scope and nature of the arguments he or she made below that were considered by the circuit court in rendering its ruling. *Stewart v. State*, 2014 Ark. 419, ___ S.W.3d ___ (per curiam). We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Thornton v. State*, 2014 Ark. 113 (per curiam). Likewise, issues raised below but not argued on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

SLIP OPINION

In *Burns v. State*, 303 Ark. 64, 793 S.W.2d 779 (1990), we rejected the argument that the application of the Act violated the inmate's right to due process or equal protection, finding that the record was barren of any proof that the inmate was "singled out" for application of the Act and that we would not attempt to respond to an argument lacking entirely in specificity. There, we also held that the Act was facially neutral. *Burns*, 303 Ark. 64, 793 S.W.2d 779; *see also MacKool*, 2012 Ark. 297, 423 S.W.3d 28 (holding the application of the Act did not violate the Equal Protection Clause because there is a rational connection between the Act and the nonpunitive goal of reimbursement to the State, and there is a rational basis for the State to seek reimbursement only from inmates whose respective account balances are greater than the cost of litigating reimbursement under the Act). We find appellant's conclusory argument that he was targeted for application of the Act to be unpersuasive and lacking the necessary specificity. In any event, we have rejected the argument that an inmate's right to equal protection of the law was violated by the selective application of the Act based on the amount of money in his account. *See MacKool*, 2012 Ark. 297, 423 S.W.3d 28.

Appellant next summarily alleges that the trial judge was "within his jurisdiction" to appoint an attorney to represent him in this matter. Appellant acknowledged in his answer to the complaint that he did not have a right to have an attorney appointed, and he raises no argument on appeal to support any claim that he was entitled to the appointment of an attorney. In any event, postconviction matters are considered civil in nature, and there is no absolute right to appointment of counsel. *Anthony v. State*, 2014 Ark. 195 (per curiam).

Appellant next contends that, because the funds at issue were given to him by his wife

4

SLIP OPINION

for the purpose of sustenance, the sum was not part of his "estate" subject to recovery by the

State for reimbursement of care and custody expenses, as the term "estate" is used in the Inmate

Reimbursement Act. *See* Ark. Code Ann. § 12-29-502(4) ("'Estate' means any tangible or

intangible properties, real or personal, belonging to or due an inmate confined to an institution

of the Department of Correction or the Department of Community Correction, including

income or payments to the inmate from social security, previously earned salary or wages,

bonuses, annuities, pensions, or retirement benefits, or any source whatsoever."). We have held

that, based on this definition, the plain language of the statute reflects that any money received

by an inmate is part of his "estate" for purposes of this statute. *See MacKool*, 2012 Ark. 287, 423

S.W.3d 28; *Burns*, 303 Ark. 64, 793 S.W.2d 779. Thus, any money that appellant received from

his wife is clearly within the statute's definition of "estate," and appellant's argument on this

point is without merit.

Appellant also argues that the Act required the circuit court to appoint a guardian to

protect his rights. In his answer, appellant stated that a guardian would not suffice to represent

his interests; however, at the hearing, appellant requested the appointment of an attorney or a

guardian to assist him during the proceeding. The trial judge responded that the proceeding was

civil in nature. Appellant now contends that the trial judge's response was "irrational" and

"inappropriate."

Pursuant to Arkansas Code Annotated section 12-29-504(c)(1)(A),

> At the time of the hearing, if it appears that the person or prisoner has an estate that
> ought to be subject to the claim of the state, the court, without further notice, shall
> appoint a guardian of the person and estate of the prisoner if the court deems one

SLIP OPINION

necessary for the protection of the rights of all parties concerned.

Based on the plain language of the statute, the appointment of a guardian is within the discretion of the trial court. Here, because appellant fails to state any argument as to why the appointment of a guardian was necessary for the protection of his rights, he is not entitled to the sought relief.

Finally, appellant contends that the circuit court erred in failing to consider a motion for summary judgment that he timely filed in January 2014. He acknowledges that the motion for summary judgment, filed three days before the March 10, 2014 hearing and dismissed by the circuit court as untimely, was indeed untimely. The motion for summary judgment alleged by appellant to have been filed in January 2014 is not included in the record, and appellant did not seek to bring up the motion by filing a petition for writ of certiorari. An appellant who seeks relief in this court has the burden to bring up a sufficient record upon which to grant relief. *Greene v. State*, 2013 Ark. 251 (per curiam). It is well settled that an appellant bears the burden of producing a record demonstrating error. *Id.* Without the motion for summary judgment, filed in January 2014, this court is unable to conduct an adequate review. Therefore, appellant cannot prevail on appeal on this claim.

Order affirmed; motion moot.

*Larry Eugene Barker*, pro se appellant.

No response.