Cite as 2014 Ark. App. 633

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-324

| | |
|---|---|
| HEZEKIAH SATTERFIELD<br>APPELLANT | Opinion Delivered November 12, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. CR-2011-4313] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

Appellant was charged with first-degree murder and was tried by a jury. The jury was given instructions relating to this offense, as well as to the lesser-included offenses of second-degree murder and manslaughter. The jury found appellant not guilty of first-degree murder but guilty of second-degree murder. The sole issue on appeal is whether the evidence was sufficient to support the jury's finding that appellant knowingly killed the victim. Appellant argues that the jury was faced with a choice between two reasonable conclusions because the evidence was circumstantial and was equally consistent with appellant having caused the death of the victim knowingly (the culpable mental state required for second-degree murder) or recklessly (that required for manslaughter). We affirm.

Although it is true that circumstantial evidence is insufficient as a matter of law if it leaves the jury solely to speculation and conjecture, the fact that evidence is circumstantial does not necessarily render it insubstantial. *Garner v. State*, 2013 Ark. App. 250. The law

SLIP OPINION

makes no distinction between circumstantial and direct evidence when reviewing for sufficiency of the evidence, and circumstantial evidence is sufficient if it excludes every other reasonable hypothesis consistent with innocence; whether the evidence excludes every other reasonable hypothesis is left to the jury to determine. *Id.* In reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the State, considering only the evidence that tends to support the verdict. *Simpkins v. State*, 2010 Ark. App. 723. We will affirm if the finding of guilt is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is that which is of sufficient force to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* The weight of the evidence and credibility of the witnesses are matters for the fact-finder, not for the trial court on a directed-verdict motion or this court on appeal. *Ridling v. State*, 360 Ark. 424, 203 S.W.3d 63 (2005); *Williams v. State*, 325 Ark. 432, 930 S.W.2d 297 (1996). The fact-finder is free to believe all or part of a witness's testimony and may resolve all questions of conflicting testimony and inconsistent evidence. *Simpkins v. State*, *supra*.

The jury was instructed that second-degree murder required proof that appellant killed the victim "knowingly," and that manslaughter required proof that the appellant killed the victim "recklessly." A person acts "knowingly" when he is aware that it is practically certain that his conduct will cause the result. Ark. Code Ann. § 5-2-202(2)(B) (Repl. 2013). A person acts "recklessly" when he consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur and the risk is of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a

2

SLIP OPINION

reasonable person would observe. Ark. Code Ann. § 5-2-202(3). A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553. Such circumstances can include the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds inflicted. *Copeland v. State*, 343 Ark. 327, 37 S.W.3d 567 (2001); *Fudge v. State*, 341 Ark. 759, 20 S.W.3d 315 (2000). Conduct of the accused following the crime, such as flight or concealment or destruction of evidence, is also relevant and properly considered as evidence of consciousness of guilt. *Crawford v. State*, 309 Ark. 54, 827 S.W.2d 134 (1992). Moreover, because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his acts. *Simpkins v. State*, *supra*.

Here, the evidence viewed in the light most favorable to the State shows that appellant, Theresa Shoulders, Robert McAlum, and Gwendolyn Langford were sitting in Ms. Langford's house off 16th Street in North Little Rock in the early morning hours of October 26, 2011. Appellant left Ms. Langford's house to go to another house across the street; when he returned, appellant stood next to the couch where Theresa Shoulders was seated, pointed a gun at her head, and engaged her in a conversation about whether she was getting drugs from someone else on credit. Appellant told Theresa Shoulders that he was going to "do something" to her if she was getting drugs elsewhere, then fired the pistol. Theresa Shoulders was killed instantly. Appellant and Ms. Langford wrapped the body in a sheet and put it in the back of appellant's truck. Appellant then drove off, leaving the body and the pistol in a

location in North Little Rock near the Arkansas River. A firearms expert who examined the pistol testified that it did not fire when he hit it with a hammer, and that it could not fire unless it was first cocked and the trigger was pulled with four pounds of pressure. A medical examiner at the Arkansas State Crime Laboratory testified that the pistol was fired at Theresa Shoulders's eye from a range of six to eight inches.

Appellant's attorney on appeal has crafted a skillful argument. Nevertheless, given the evidence of threat, concealment, the nature of the wound, and the characteristics of the firearm, we cannot say that the jury was required to speculate to find that appellant knowingly killed the victim. Consequently, we affirm.

Affirmed.

GLADWIN, C.J., and WYNNE, J., agree.

*Dan Hancock*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., *Hannah Wood*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, for appellee.