

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-15-984

| | |
|---|---|
| | **Opinion Delivered** September 14, 2016 |
| STEVEN BLAKE WRIGHT<br>APPELLANT | APPEAL FROM THE CRAWFORD<br>COUNTY CIRCUIT COURT<br>[NO. 17CR-14-616] |
| V. | |
| | HONORABLE GARY COTTRELL,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Steven Blake Wright is appealing his conviction by a Crawford County jury of aggravated assault upon a certified law-enforcement officer and first-degree terroristic threatening.[1] He argues that the State presented insufficient evidence to support the convictions. We affirm.

On December 23, 2014, Deputy James Mirus and Corporal Matt McGrew, both of the Crawford County Sheriff's Department, responded to a domestic-violence report by Wright's girlfriend, Priscilla Johnson. Based on statements given by Johnson, the officers arrested Wright at his home. Deputy Mirus testified that, as they walked Wright outside to the patrol vehicle, he was screaming at the officers, cursing at them, and making threats of physical harm toward them and their families. Wright also told the officers that he has AIDS. He threatened

---

[1] Wright was also convicted of first-degree criminal mischief but has not challenged that conviction in this appeal.

to break down the plexiglass divider in the patrol car, choke and kill Deputy Mirus, and infect him with AIDS. Wright told the officers that he had three previous charges for assaulting police officers and that he would have a fourth charge by the end of the night.

Deputy Mirus testified that, as he was exiting Interstate 49 onto Interstate 40, he heard Wright's seatbelt unbuckle. Wright was kicking, screaming, cursing, and threatening to kill the officer. He was hitting his head on the window, and Deputy Mirus heard air coming in the windows from outside. He also kicked the plexiglass divider so hard that it caused the shotgun to fall from its mount, hitting Mirus in the nose and injuring him.

Deputy Mirus called for backup and then pulled over at a weigh station to calm Wright and to secure his seatbelt. As soon as he opened the back door, Wright began lunging at him and spitting at him. Wright spit on the officer's arm. Deputy Mirus warned him that if he did not calm down, he would be "pepper sprayed." Wright continued to lunge and spit, and Mirus sprayed him with pepper spray. Additional officers arrived as backup. They testified that Wright was angry and agitated. Emergency medical-care providers arrived and decontaminated Wright of the pepper spray.

At trial, Deputy Mirus testified that, while he had not been fearful of Wright's threats of immediate physical harm, he was afraid of Wright's threat to harm his family. He testified that because they lived in a small town, it was very likely that Wright would encounter Mirus's family at some point after release.

Corporal Matt McGrew testified that while assisting in Wright's arrest he did not hear Wright make any threats toward either him or Deputy Mirus.

SLIP OPINION

The jury convicted Wright, and the court imposed concurrent three-year sentences and fines for aggravated assault and terroristic threatening. He filed a timely appeal. On appeal, Wright's only arguments are challenges to the sufficiency of the evidence supporting the two convictions.

In reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the State, considering only the evidence that tends to support the verdict. *Satterfield v. State*, 2014 Ark. App. 633, at 2, 448 S.W.3d 211, 213. We will affirm if the finding of guilt is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is that which is of sufficient force to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* The weight of the evidence and credibility of the witnesses are matters for the fact-finder, not for the trial court on a directed-verdict motion or this court on appeal. *Id.* The fact-finder is free to believe all or part of a witness's testimony and may resolve all questions of conflicting testimony and inconsistent evidence. *Id.*

Wright was convicted of aggravated assault upon a certified law-enforcement officer, which is defined by Arkansas Code Annotated section 5-13-211 (Repl. 2013) as follows:

> A person commits aggravated assault upon a certified law enforcement officer or an employee of a correctional facility if, under circumstances manifesting extreme indifference to the personal hygiene of the certified law enforcement officer or employee of the correctional facility, the person purposely engages in conduct that creates a potential danger of infection to the certified law enforcement officer or an employee of any state or local correctional facility while the certified law enforcement officer or employee of the state or local correctional facility is engaged in the course of his or her employment by causing a person whom the actor knows to be a certified law enforcement officer or employee of the state or local correctional facility to come into contact with saliva, blood, urine, feces, seminal fluid, or other bodily fluid by purposely throwing, tossing, expelling, or otherwise transferring the fluid or material.

Ark. Code Ann. § 5-13-211. An accused acts purposely when it is his "conscious object to engage in conduct of that nature or to cause that result." Ark. Code Ann. § 5-2-202(a)(1). Here, Deputy Mirus testified that Wright was infected with AIDS, was angry and violent, threatened to infect him with AIDS, repeatedly spit at him, and at one point successfully spit on him, while he had an open wound on his nose. While Mirus's partner testified that he did not hear Wright make any threats, the jury was entitled to resolve all questions of conflicting testimony. We hold that there was more than sufficient evidence to support Wright's conviction of each element of the offense enumerated in the statute.

Wright also challenges the sufficiency of the evidence supporting his conviction for first-degree terroristic threatening. Arkansas Code Annotated section 5-13-301 defines the crime as follows:

> A person commits the offense of terroristic threatening in the first degree if:
> (A) With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person.

Ark. Code Ann. § 5-13-301(a)(1)(A). Again, we hold that the evidence was more than sufficient to support Wright's conviction. Deputy Mirus testified that Wright threatened to kill him and his family, assault him, and infect him with AIDS. He made these threats while behaving violently and erratically, even kicking the plexiglass barrier in the patrol vehicle so hard it caused the shotgun mount to break and the shotgun to fall on Deputy Mirus, and injure him. Mirus testified that the threats against his family caused him significant concern, given that Wright and Mirus both lived in the same area and would likely encounter each other after Wright was released from prison. Accordingly, we affirm the terroristic-threatening conviction.



Affirmed.

HARRISON and GLOVER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.