Cite as 2020 Ark. App. 64

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR–19–455

| | | |
|---|---|---|
| | | **Opinion Delivered:** January 29, 2020 |
| DANIEL L. WESSELS | | |
| | APPELLANT | APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45CR-16-117] |
| V. | | |
| | | HONORABLE JOHN R. PUTMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

### WAYMOND M. BROWN, Judge

A Marion County Circuit Court jury convicted appellant Daniel Wessels of two Class D felony offenses—theft of property and criminal mischief in the second degree. On appeal, appellant argues that the trial court erred in denying his motions for directed verdicts on those charges. We affirm.

In November 2016, appellant was charged with theft of property and second-degree criminal mischief stemming from the unauthorized control, and subsequent disassembling, of a 1999 Chevrolet Suburban belonging to Sharon and Brad Kaster. The Kasters are appellant's former in-laws, as he was married to their daughter, Toni.

Brad testified that he and Sharon were coowners of the 1999 Chevrolet Suburban purchased in 2015 for $5,800. He stated that in June 2016, he dropped Sharon off in Minnesota to visit her son, and while there, appellant asked him to stop by his (appellant's)

parents' house in Iowa to retrieve some tools for him, to which Brad agreed. When he returned to Arkansas, Brad, an over-the-road truck driver, had to "get back on the road with the truck," so he left the Suburban at appellant's shop for appellant to unload his tools from it. Brad testified that although he told appellant someone would pick up the Suburban in one or two days, no one went to get it for a month. Brad stated that when the vehicle was left at appellant's shop, appellant assured him that the "Suburban will stay there until somebody comes and gets it." According to Brad, there was nothing wrong with the Suburban when he dropped it off, and he did not give appellant permission to do anything to the vehicle.

Sharon testified that appellant called her the day after Brad had left the Suburban at appellant's shop and told her, "I used to have a Suburban sitting there, and guess what, now I do not." Sharon stated that she then called her sister, who immediately went to appellant's place but was unable to locate the vehicle or appellant. Sharon testified regarding animosity between the parties stemming from the Kasters being awarded custody of their granddaughter, appellant's child whom he shares with his ex-wife, Toni, the Kasters' daughter.

Following the Kasters' unsuccessful attempts at retrieving their vehicle from appellant, a report was filed with the Marion County Sheriff's Department. Investigator Silas Gibson went to appellant's shop and noted that upon arrival, he did not see the Suburban. Gibson stated that upon questioning, appellant showed him the vehicle that Gibson described as "disassembled to the frame." He specifically stated, "There was a piece here, a piece there. The engine was here. The frame was there. A door was here." Gibson

testified that appellant claimed the Kasters owed him money for work that he had done for them.

Appellant moved for a directed verdict, asserting that the State failed to prove that he exercised unauthorized control over the Suburban and further failed to provide sufficient evidence that the damages met the penalty burden. The motion was denied. Without calling any witnesses, the defense rested and renewed the previously made directed–verdict motion, which was again denied. The jury returned guilty verdicts on both charges. Appellant was sentenced to one year incarceration in the Arkansas Department of Correction and a fine of $4000 on the theft-of-property conviction, and one year in the county jail and a fine of $1000 on the criminal-mischief conviction.

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence.[1] The court views the evidence in the light most favorable to the State and considers only evidence that supports the verdict.[2] The verdict is affirmed if it is supported by substantial evidence, direct or circumstantial.[3] Substantial evidence is of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture.[4]

A person commits theft of property if he or she knowingly takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property

---

[1]*Robinson v. State*, 2017 Ark. App. 689, 537 S.W.3d 765.

[2]*Satterfield v. State*, 2014 Ark. App. 633, 448 S.W.3d 211.

[3]*Id.*

[4]*Id.*

of another person with the purpose of depriving the owner of the property.[5] Theft of property valued between $5000 and $1000 is a Class D felony.[6] "Exercises unauthorized control" is directed at a bailee who lawfully takes control of the property but subsequently appropriates it to his own use.[7]

Appellant argues that the State failed to prove that he exercised "unauthorized control" of the property of another as required pursuant to the theft-of-property statute. He asserts that he "acted within the boundaries of the law in retaining the Kasters' Suburban for the costs of storage." In support of his argument, he relies on Arkansas Code Annotated section 18-45-201 which provides that automobile repairmen shall have an absolute lien on a vehicle for repairs and storage for which payment was not made.[8]

The evidence presented at trial, viewed in the light most favorable to the State, constitutes substantial evidence to support appellant's conviction for theft of property. Brad testified that he dropped off his Suburban at appellant's shop after retrieving appellant's tools from family out of state. The vehicle was to be picked up within a day or two; however, Sharon stated that the very next day, appellant informed her that the vehicle was no longer there. When Investigator Gibson arrived to follow up on the stolen-vehicle report filed by the Kasters, he observed that the Suburban was in pieces and "disassembled to the frame."

---

[5]Ark. Code Ann. § 5-36-103(a)(1) (Repl. 2013).

[6]Ark. Code Ann. § 5-36-103(3)(A) (Repl. 2013).

[7]*Watson v. State*, 358 Ark. 212, 188 S.W.3d 921 (2004).

[8]*See also Bokker v. Hill*, 327 Ark. 742, 940 S.W.2d 852 (1997).

Brad testified that he did not owe appellant for any mechanic work on the Suburban or any other vehicles. Substantial evidence supports the theft-of-property conviction.

Notably, in his directed-verdict motion and the timely and proper renewal of that motion, with respect to the charge of criminal mischief, appellant argued, "I do not think they meet the penalty burden. The penalty burden is more than $5000 in damages. The $5000 and $1000, and I do not think they have met the burden on the five grand for damages." On appeal, appellant fails to make any such argument. Issues raised below but not argued on appeal are considered abandoned.[9]

For the foregoing reasons, we affirm appellant's convictions for theft of property and criminal mischief in the second degree.

Affirmed.

VIRDEN and SWITZER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[9]*Barker v. State*, 2014 Ark. 467, 448 S.W.3d 197.