Cite as 2025 Ark. App. 259

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-265

| | | |
|---|---|---|
| | | Opinion Delivered April 23, 2025 |
| DEREK BLASINGAME | | |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | | [NO. 66FCR-22-331] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE R. GUNNER DELAY, JUDGE |
| | | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Derek Blasingame filed a timely petition in the circuit court seeking postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure. The circuit court denied the petition, and Blasingame appeals. On appeal, Blasingame argues that the court abused its discretion in disposing of his Rule 37 petition and in failing to appoint counsel to represent him at his Rule 37 hearing. He also contends that the court erred in finding that his trial counsel provided effective assistance. We affirm.

On February 7, 2024, Blasingame pled guilty in the Sebastian County Circuit Court to one count each of aggravated robbery, first-degree criminal mischief, felony theft of property, and fleeing. He was sentenced as a habitual offender with four or more prior felonies, and he received an aggregate sentence of forty years in prison in addition to twenty years' suspended imposition of sentence (SIS). Pursuant to the plea agreement, the court

ordered his sentences to be served concurrently to a fifty-year sentence he was serving for a conviction in Crawford County.

On March 6, his attorney addressed the court, stating, "[Blasingame] wrote me a letter after he pled and told me that he did not understand why he was being charged with more than what he thought he was going to be charged with and he wanted to withdraw his plea." A motion had not been filed, so the court would not hear the matter that day. On March 7, Blasingame filed a pro se Rule 37 petition. First, he alleged that his conviction was obtained through the use of a "coerced confession" in that he was told "the 40 [years] would run concurrent on ½ of ½ with 50 [years] from Van Buren"; second, that the charges in Crawford County and Sebastian County were the same charges and violated double jeopardy; and third, that he entered the guilty plea while he was mentally incompetent, claiming that he was "under severe stress [at the] time of signing [and] also on mental[-]health medication." Blasingame concluded his claims by stating, "I'd never signed if I knew they was giving me 100% on 40 [years]."

The court reconvened on March 20 for a hearing on Blasingame's petition. Blasingame testified he pled guilty with "the understanding" that he "would do around a 12[-]year sentence before going up for parole." When asked by the circuit court whether the Crawford County sentence was a "100 per cent sentence[,]" Blasingame said, "Once I had gotten the charge over here[,] they give it to me on 100 instead of 70 per cent."

The circuit court inquired further, asking Blasingame whether he was aware that the different charges required a different percentage of service. Blasingame responded, "Yes, sir;

Your Honor; but [ ] you told me that it was going to run concurrent and that my T.E. day wouldn't change. I assumed that it was also on the additional 50 that Van Buren was."

The State called Blasingame's former defense counsel ("counsel"), who represented him when he pled guilty to the Sebastian County charges. Counsel testified that Blasingame contacted him and told him he wanted any time he received in the Sebastian County case to run concurrently with the fifty-year sentence he had received in Crawford County. Counsel stated that—in addition to the new Sebastian County charges—Blasingame also had a pending revocation "with 98 years of exposure." Counsel said he contacted the prosecutor handling Blasingame's case, and they had agreed that the Sebastian County sentence would run concurrently with the Crawford County sentence. Counsel said that after securing this agreement, he informed Blasingame of that fact. Counsel also informed Blasingame that, regarding his forty-year Crawford County sentence, he would be required to do "70 percent on 40 years and that is 28 years." Counsel also said that, as part of the negotiated guilty plea, the State agreed to withdraw the pending revocation petition.

During direct examination of counsel, the State introduced a document that detailed the possible penalties for Blasingame's old and new charges: Blasingame's possible exposure "on both old and new cases [was] life in prison plus 198 years." On cross-examination, counsel explained that since Blasingame's exposure was significant, the negotiated guilty plea was "a very good deal"; otherwise, Blasingame faced the prospect of spending his entire life in prison. When questioned further by the court, Counsel reiterated that Blasingame talked about his "Crawford County stuff being half of a half[.]" Counsel said that his advice was

3

limited to answering the question, "Is this going to run concurrent?" Counsel restated his answer to Blasingame: "I said, 'Yes, it will run concurrent, but you will do more time.'"

At the conclusion of the testimony, the circuit court ruled from the bench that it found defense counsel's version of events more credible than Blasingame's version. On March 21, the circuit court entered an order detailing the court's finding that Blasingame was informed that his Sebastian County sentence would run concurrently with his Crawford County sentence and would be subject to the requirement that he serve 70 percent of the Sebastian County sentence before being eligible for parole. Accordingly, the circuit court denied appellant's Rule 37 petition. This appeal followed.

This court will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

We review a defendant's ineffective-assistance-of-counsel claims using the two-step analysis outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner is required to show that his trial counsel's performance was deficient and that the deficiency prejudiced his defense. *Id.*

Regarding the threshold issue of deficiency, we presume that a trial counsel's performance was sufficient. *Holland v. State*, 2022 Ark. 138, 645 S.W.3d 318. To overcome that strong presumption, the petitioner must demonstrate specific acts and omissions that,

when viewed from the trial counsel's perspective over the course of the trial, could not have been the result of reasonable professional judgment. *Id.* at 2, 645 S.W.3d at 321. Allegations without factual substantiation are insufficient. *Thomas v. State*, 2022 Ark. 12, 637 S.W.3d 268. Furthermore, merely conclusory statements that one's counsel was ineffective cannot be the basis for postconviction relief. *Id.*

As for the remaining issue of prejudice, a petitioner must affirmatively demonstrate that the deficiency resulted in a prejudicial outcome. *Holland*, 2022 Ark. 138, at 2, 645 S.W.3d at 321. He must show that there is a reasonable probability that the fact-finder's decision would have been different absent trial counsel's deficiencies. *Id.* If a Rule 37 petition fails at the threshold issue of deficiency, we need not address the remaining prong that weighs its potential prejudicial effect. *Arnold v. State*, 2022 Ark. 191, 653 S.W.3d 781.

Blasingame's first point on appeal is that the circuit court abused its discretion in holding a hearing only fourteen days after his petition was filed because fourteen days was insufficient and affected his ability to prepare and put on his case. He complains that he was not given the opportunity to "further prepare and amend [his] petition" nor was he provided a copy of the circuit court's files so that he could have presented "non-conclusory facts that his attorney was ineffective." He additionally argues that he was not properly served with a copy of the State's response to his petition. Last, under this point, he complains of a speedy-trial violation.

All grounds for relief pursuant to Rule 37.1 must be asserted in the original or an amended petition. Ark. R. Crim. P. 37.2(b), (e); *Scott v. State*, 2012 Ark. 199, at 7, 406

S.W.3d 1, 5. An appellant is limited to the scope and nature of the arguments he or she made below that were considered by the circuit court in rendering its ruling. *Barker v. State*, 2014 Ark. 467, at 3, 448 S.W.3d 197, 199. We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. *Id.* Likewise, issues raised below but not argued on appeal are considered abandoned. *Id.*

While Blasingame's petition did request that he be furnished a copy of the court's files, he did not raise the issue at the hearing, nor did he request a ruling on the matter from the circuit court. Blasingame's remaining arguments under this point were not raised in his petition or argued at the hearing. Therefore, this point on appeal has no merit.

Blasingame's second point on appeal is that the court abused its discretion by not appointing him counsel at the Rule 37 hearing. He claims the court was made aware that he was confused and unsure of what to do or ask. He contends that had he been appointed counsel at the Rule 37 hearing, he would have addressed and expanded on the issues of double jeopardy, speedy trial, and his mental incompetency.

While Blasingame's petition requested appointment of counsel, he did not receive an explicit ruling from the court explaining why he was not entitled to counsel. Additionally, he fails to raise any argument on appeal to support any claim that he was entitled to the appointment of an attorney. In any event, postconviction matters are considered civil in nature, and there is no absolute right to appointment of counsel. *Barker*, 2014 Ark. 467, at 4, 448 S.W.3d at 199.

For his final point, Blasingame argues that his counsel was ineffective because counsel misrepresented his parole eligibility.

In the plea context, prejudice is shown by demonstrating a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. *Scott*, 2012 Ark. 199, at 8–9, 406 S.W.3d at 5. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice since the plea rests on an admission in open court that the appellant did the act charged. *Id.*

The court determined that defense counsel's testimony was more credible than Blasingame's self-serving testimony that his guilty plea was based on counsel's inaccurate information. Counsel testified that he informed Blasingame that his Sebastian County sentence—because it included a Class Y felony—would require him to serve 70 percent of the sentence before being parole eligible. *See* Ark. Code Ann. § 16-93-618 (a)(1)(C) (Repl. 2020) (requiring a person convicted of aggravated robbery to serve 70 percent of the term of imprisonment to be parole eligible). An appellate court defers to the circuit court on matters of witness credibility on appeals from the denial of postconviction relief. *Smith v. State*, 2010 Ark. 137, at 2, 361 S.W.3d 840, 844.

While defense counsel correctly advised Blasingame with regard to his Sebastian County case, there is no constitutional requirement that defense counsel inform a client about parole eligibility before entry of a guilty plea, and any failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases. *Joyner v. State*, 2021 Ark. 78, at 18, 621 S.W.3d 124, 136.

Affirmed.

KLAPPENBACH, C.J., and ABRAMSON, J., agree.

*Derek Wayne Blasingame*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.